**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 06 2014, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
**CHRISTINE REDELMAN**
Deputies Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF: | ) ) ) |
| A.H., Minor Child, | ( ) |
| and | ) ) |
| Ab.H., Mother, | ) ) |
| Appellant-Respondent, | ) ) |
| vs. | ) No. 49A02-1402-JT-103 ) |
| THE INDIANA DEPARTMENT OF CHILD SERVICES, | ) ) ) |
| Appellee-Plaintiff. | ) ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn Moores, Judge
The Honorable Larry Bradley, Magistrate
Cause No. 49D09-1304-JT-13743

**October 6, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Ab.H. (Mother) appeals the involuntary termination of her parental rights to A.H. (Child). We affirm.

**FACTS AND PROCEDURAL HISTORY**

Child was born to Mother on June 4, 2006.[1] On October 18, 2011, DCS investigated a report of domestic violence and drug use in Mother's home and, based on that investigation, filed a petition to declare Child a Child in Need of Services (CHINS). On October 31, Child was removed from Mother's home. After a fact-finding hearing on January 30, 2012, the trial court adjudicated Child as a CHINS. Mother was ordered to, among other things, maintain suitable housing and income; participate in home based counseling and follow all recommendations; complete a domestic violence assessment and complete all recommended services; remain drug-free and participate in substance abuse treatment; and complete a psychological evaluation and follow all recommendations.

Because Mother did not successfully complete multiple services offered and did not submit to random drug tests, on April 15, 2013, DCS filed a petition to terminate her parental rights. The trial court held evidentiary hearings on October 10, 2013, and January 15, 2014, then involuntarily terminated Mother's parental rights to Child on January 21, 2014.

**DISCUSSION AND DECISION**

We review termination of parental rights with great deference. *In re K.S., D.S., & B.G.*, 750 N.E.2d 832, 836 (Ind. Ct. App. 2001). We will not reweigh evidence or judge credibility of witnesses. *In re D.D.*, 804 N.E.2d 258, 265 (Ind. Ct. App. 2004), *trans. denied.*

---

[1] Child's father is unknown.

2

Instead, we consider only the evidence and reasonable inferences most favorable to the judgment. *Id.* In deference to the juvenile court's unique position to assess the evidence, we will set aside a judgment terminating a parent's rights only if it is clearly erroneous. *In re L.S.*, 717 N.E.2d 204, 208 (Ind. Ct. App. 1999), *reh'g denied*, *trans. denied*, *cert. denied* 534 U.S. 1161 (2002).

When, as here, a judgment contains specific findings of fact and conclusions thereon, we apply a two-tiered standard of review. *Bester v. Lake Cnty. Office of Family & Children*, 839 N.E.2d 143, 147 (Ind. 2005). We determine first whether the evidence supports the findings and second whether the findings support the judgment. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). If the evidence and inferences support the juvenile court's decision, we must affirm. *In re L.S.*, 717 N.E.2d at 208.

"The traditional right of parents to establish a home and raise their children is protected by the Fourteenth Amendment of the United States Constitution." *In re M.B.*, 666 N.E.2d 73, 76 (Ind. Ct. App. 1996), *trans. denied*. A trial court must subordinate the interests of the parents to those of the child, however, when evaluating the circumstances surrounding a termination. *In re K.S.*, 750 N.E.2d at 837. The right to raise one's own child should not be terminated solely because there is a better home available for the child, *id.*, but parental rights may be terminated when a parent is unable or unwilling to meet his or her parental responsibilities. *Id.* at 836.

3

To terminate a parent-child relationship, the State must allege and prove:

> (A) that one (1) of the following is true:
> > (i) The child has been removed from the parent for at least six (6) months under a dispositional decree.
> > (ii) A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made.
> > (iii) The child has been removed from the parent and has been under the supervision of a county office of family and children or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of services or a delinquent child;
> (B) that one (1) of the following is true:
> > (i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.
> > (ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.
> > (iii) The child has, on two (2) separate occasions, been adjudicated a child in need of services;
> (C) that termination is in the best interests of the child; and
> (D) that there is a satisfactory plan for the care and treatment of the child.

Ind. Code § 31-35-2-4(b)(2). The State must provide clear and convincing proof of these allegations. *In re G.Y.*, 904 N.E.2d 1257, 1260-61 (Ind. 2009), *reh'g denied*. If the court finds the allegations in the petition are true, it must terminate the parent-child relationship. Ind. Code § 31-35-2-8.

Mother argues DCS did not present sufficient evidence to prove the conditions under which Child was removed would not be remedied, pursuant to Ind. Code § 31-35-2-

4

4(b)(2)(B)(i). A trial court may not terminate a parent's rights unless the State demonstrates by clear and convincing evidence "there is a reasonable probability that: (i) the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied; or (ii) the continuation of the parent-child relationship poses a threat to the well-being of the child." Ind. Code § 31-35-2-4(b)(2)(B); *see also In re W.B.*, 772 N.E.2d 522, 529 (Ind. Ct. App. 2002) (noting State's burden of proof). Because the statute is written in the disjunctive, the State needs to prove only one. *In re J.W.*, 779 N.E.2d 954, 962 (Ind. Ct. App. 2002), *trans. denied sub nom. Weldishofer v. Dearborn Cnty. Div. of Family & Children*, 792 N.E.2d 40 (Ind. 2003). Therefore, when the evidence supports one of the trial court's conclusions, we need not determine whether the evidence supports the remaining portions of the statute. *Id.*

Mother challenges only whether the evidence supports the findings the court used to support its conclusion that the conditions resulting in removal of Child will not be remedied. However, the court also concluded:

> 30. Continuation of the parent-child relationship poses a threat to [Child's] well-being. Without successfully addressing [the issues] of substance abuse, mental health and parenting issues and instability, [Mother] cannot offer [Child] a permanent home where he would be safe and have his basic and emotional needs met. Even if services were recommenced, it would take a substantial amount of time for [Mother] to prove ongoing sobriety and stability, and to be successful in therapy. Given his special needs, it is not in [Child's] best interests to wait further.

(App. at 14.) The court entered a number of independent findings to support that conclusion, including findings Mother did not complete services, she had ongoing substance abuse

5

issues, and she had untreated mental health issues. Mother has not challenged that conclusion or any of the findings that support that conclusion. Because the unchallenged findings support the unchallenged conclusion, which supports the termination of Mother's parental rights, we need not review Mother's allegations regarding the superfluous findings and conclusion. *See T.B. v. Indiana Dept. of Child Services*, 971 N.E.2d 104, 110 (Ind. Ct. App. 2012) (when unchallenged findings support termination, there is no error), *trans. denied.*

## CONCLUSION

As Mother does not challenge the trial court's determination that the continuance of the parent-children relationship posed a threat to the well-being of Child[2] and there was sufficient evidence to support that conclusion, we need not consider Mother's argument the State did not prove the conditions under which Child was removed from Mother's home would not be remedied. Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.

---

[2] Mother also did not challenge Ind. Code § 31-35-2-4(a), (c), or (d), which are also required for the involuntary termination of parental rights.